**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 8:27 am, Jul 28, 2020

GARLAND RAY PITTMAN,

       Plaintiff,

    v.

JESSICA HOWARD; and DENISE KRING,

       Defendants.

CIVIL ACTION NO.: 6:17-cv-129

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Entry of Default, doc. 11, and his failure to comply with the Court's December 23, 2019 Order, doc. 19, and Defendants' Motions to Dismiss, docs. 14, 16. The Court **DENIES as premature** Plaintiff's Motion for Entry of Default. Furthermore, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and failure to prosecute, **DENY as moot** Defendants' Motions to Dismiss, docs. 14, 16, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28

## BACKGROUND

On September 25, 2017, Plaintiff, proceeding pro se, filed a Complaint alleging Defendants violated his constitutional rights.  Doc. 1.  Plaintiff moved to proceed *in forma pauperis*, which the Court granted.  Docs. 2, 4.  The Court ordered service of Plaintiff's Complaint upon Defendants on October 25, 2019.  Doc. 9.  Both Defendants filed Motions to Dismiss on December 19, 2019.  Docs. 14, 16.  The Court ordered Plaintiff to respond to Defendants' Motions to Dismiss within 14 days of the December 23, 2019 Order.  Doc. 19.  The Court warned Plaintiff, if he failed "to file a timely response, the Court will presume Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action."  Id. at 1 (citing Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion.")).  The Clerk of Court mailed this Order, along with copies of Federal Rules of Civil Procedure 12 and 41, to Plaintiff at his last known address.  There is nothing indicating this Order was returned to the Court or otherwise failed to reach Plaintiff.  However, Plaintiff failed to respond to this Court's Order or Defendants' Motions to Dismiss.  In fact, Plaintiff has not filed anything with the Court in over seven months' time.  Doc. 11.

## DISCUSSION

### I.      Denial of Motion for Entry of Default

Plaintiff moved for entry of default against Defendants on December 10, 2019.  Doc. 11.  Plaintiff asserts Defendants are in default because "more than 20 days have elapsed since the date on which the Defendant(s) herein were served with summons and a copy of Plaintiff's Complaint."  Id.  Notices of Plaintiff's suit and requests for waiver of service were mailed on

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

October 28, 2019.  Both Defendants executed and returned waivers of service of summons, which allowed Defendants 60 days (or up to December 27, 2019) to file an answer or pre-answer motion.  Docs. 12, 20.  Both Defendants filed pre-answer Motions to Dismiss on December 19, 2019.  Docs. 14, 16.  Defendants assert in their respective responses opposing Plaintiff's Motion for Entry of Default that, at the time of Plaintiff's Motion for Default, neither had been served with the Complaint.  Docs. 13, 18.  At the time of Plaintiff's Motion, neither Defendant had failed to answer Plaintiff's Complaint, and both Defendants filed timely pre-answer Motions to Dismiss.  Accordingly, the Court **DENIES as premature** Plaintiff's Motion for Entry of Default.

## II.     Dismissal for Failure to Follow This Court's Order and Failure to Prosecute

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order and failure to prosecute.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also

---

[2]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff his failure to comply with the Court's Order or to respond to the Motions to Dismiss could result in dismissal of this action.  Doc. 19.

Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th

Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R.

41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any

action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience

or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's

"power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt

disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir.

2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be

utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of

delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser

sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623,

625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x

616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without

prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are

afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619;

see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this

action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal

without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to

court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at

620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs

4

insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff failed to follow this Court's Order or to otherwise respond to the Motions to Dismiss, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so.  Doc. 19.  In addition, Plaintiff has not filed anything with this Court in over seven months' time.  Thus, the Court should **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and failure to prosecute and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v.

<u>Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); *see also* <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's Order and to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Order and failure to prosecute, **DENY as moot** Defendants' Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I **DENY as premature** Plaintiff's Motion for Entry of Default.

The Court advises any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

      **SO ORDERED** and **REPORTED and RECOMMENDED**, this 28th day of July, 2020.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA